UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARIZONA HUDSON VALLEY LLC,
ARIZONA INVESTISSEMENTS US
LLC, and JORDAN BEM,

              Plaintiffs,

           -v-                    1:22-CV-1306

DAVID ALLEN, individually and
in his capacity as Acting Chief
Enforcement Officer for the Town
of Hurley, and TOWN OF HURLEY,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

OFFIT KURMAN, P.A.          JASON A. NAGI, ESQ.
Attorneys for Plaintiffs          UMAR A. SHEIKH, ESQ.
590 Madison Ave., 6th Floor
New York, NY 10022

RUSK WADLIN HEPPNER &      NICHOLAS A. PASCALE, ESQ.
   MARTUSCELLO LLP
Attorneys for Defendants
255 Fair Street, P.O. Box 3356
Kingston, NY 12401

DRAKE LOEB PLLC            SARAH NICOLE WILSON, ESQ.
Attorneys for Defendants
555 Hudson Valley Avenue, Suite 100
New Windsor, NY 12553

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

**I. INTRODUCTION**

Before they became the plaintiffs in this civil rights suit, Arizona Hudson Valley LLC ("AHV") and Arizona Investissements US LLC ("Arizona"), along with their principal Jordan Bem ("Bem") (collectively "plaintiffs"), were a property development group. In 2018, plaintiffs purchased a defunct resort property in the Town of Hurley, New York, with the intention of redeveloping and expanding the site. They received a site plan approval and a Special Use Permit from the Town's Planning Board, but a group of disgruntled residents mounted a state court legal challenge that managed to send plaintiffs back to the Town's Planning Board for some clarification about which "use" category should apply to plaintiffs' proposed development under the local zoning law.

The Town soon reaffirmed its approval of plaintiffs' site plan. A renewed legal challenge followed. It was eventually rebuffed, but during the pendency of this second round of state court litigation there was some kind of shift in the local political landscape. Shortly afterward, the Town's Acting Building Inspector and Code Enforcement Officer issued a letter revoking plaintiffs' Special Use Permit. Plaintiffs quickly appealed the revocation but their case languished before the Town's Zoning Board of Appeals for over six months.

On December 6, 2022, believing their zoning appeal to be stuck in limbo, plaintiffs filed this 42 U.S.C. § 1983 action alleging that defendants Town of

Hurley (the "Town") and Acting Building Inspector and Code Enforcement Officer David Allen ("Acting Code Enforcement Officer Allen") (collectively "defendants") violated their procedural and substantive due process rights by improperly revoking the Special Use Permit.

On January 27, 2023, defendants moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the complaint for failure to state a plausible claim for relief. The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

Unless otherwise noted, the following facts are taken from the complaint and attached exhibits and are assumed true for the purpose of evaluating the motion to dismiss.

On November 8, 2018, plaintiffs purchased an old resort property located at 198 Heritage Drive in the Town of Hurley, New York.[1]  Compl. ¶¶ 1, 11. Known locally as "Twin Lakes," the site was a "very popular wedding facility" that also offered "cabins for rent, hiking, [and] a pool." *Id.* ¶ 12. Plaintiffs planned to redevelop the property by renovating the existing facilities and expanding the guest accommodations.  Compl. ¶ 13; *see also* Ex. A to Compl.

---

[1] As noted *supra*, "plaintiffs" are actually two business entities and one natural person: AHV, Arizona, and Bem. The pleading alleges with some specificity when a certain plaintiff took a certain act or acts, but for ease of reference this Decision & Order refers to the parties as "plaintiffs" unless there is a specific analytical reason to single one of them out.

As relevant here, plaintiffs' plans would add forty-two "mobile units" and two new "cabin units" to the resort's footprint. *Id*. They submitted an application to the Town for site plan approval before they even closed the sale. *Id*. ¶ 14.

On November 21, 2019, the Town's Planning Board issued to plaintiffs a Special Use Permit ("SUP") that permitted them to pursue their development proposal and to operate the Twin Lakes property as a resort subject to certain conditions and restrictions. Ex. A to Compl.

A special use permit, which is sometimes called a special exception, "gives [a property owner] permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right." *Matter of Retail Prop. Trust v. Bd. of Zoning Appeals*, 98 N.Y.2d 190, 195 (2002*); see also* N.Y. TOWN LAW § 274-b. This distinguishes it from a variance, which "gives permission to an owner to use property in a way that is inconsistent with a local zoning ordinance." *Matter of Retail Prop. Trust*, 98 N.Y.2d at 195. One consequence of this distinction is that the burden of proof on a party seeking a permit is a little lighter than that needed for a variance. *Id*.

Even with a special use permit in hand, plaintiffs' redevelopment plans for the old resort were somewhat controversial around Town. Some residents believed that plaintiffs' "mobile cabin" plan was basically just another way to build a "motel" on the property, which would have been forbidden under the zoning law. Led by petitioner Lynne Bailey ("Bailey"), a trio of locals filed an

- 4 -

Article 78 petition in Supreme Court, Ulster County, that sought vacatur of the Special Use Permit that had been issued to plaintiffs. Compl. ¶ 15; *see also* Ex. A to Defs.' Mem., Dkt. No. 9-3.[2]

On April 29, 2020, the state court granted in part Bailey's Article 78 petition. Compl. ¶ 16. In particular, the state court vacated the Special Use Permit to the limited extent that it had given approval for plaintiff's proposed "mobile cabins." *Id*. This was so, plaintiffs explain, because the state court found that the Town's Planning Board had developed an "unclear" record about the appropriate "use" category for these mobile buildings. *Id*. The state court sent the matter back to the Town for further consideration. *Id*.

In January of 2021, after some legal wrangling, Town Code Enforcement Officer Glenn Hofstatter ("Code Officer Hofstatter") reviewed plaintiffs' proposed use of the "mobile cabins" and concluded that these units should be classified as "cabins" under the relevant zoning law. Compl. ¶ 17. Code Officer Hofstatter further concluded that plaintiffs' site plan qualified as a "cabin development" under the same body of zoning law. *Id*. ¶ 18.

On February 8, 2021, the Town's Planning Board relied on Code Officer Hofstatter's findings to issue to plaintiffs an Amended Special Use Permit, which was subject to the same conditions and restrictions as the Special Use

---

[2] Plaintiffs challenge defendants' reliance on extrinsic evidence. But judicial notice of state court records (to establish the fact of litigation, at least) is entirely proper. *See Thompson v. Global Contract Servs., LLC*, 2021 WL 3425378, at *5 (E.D.N.Y. Aug. 4, 2021) (collecting cases).

Permit that had previously been issued to plaintiffs. Compl. ¶ 20. Bailey challenged this revised determination in an appeal to the Town's Zoning Board of Appeals, which rejected her appeal on May 13, 2021. *Id.* ¶¶ 21–22.

On June 14, 2021, Bailey, this time acting alone, filed a second Article 78 petition in Supreme Court, Ulster County that again challenged the issuance of the Special Use Permit to plaintiffs. Compl. ¶ 23; *see also* Ex. B to Def.'s Mem., Dkt. No. 9-4. As before, Bailey claimed that plaintiffs' "mobile cabins" were just an end-run around the zoning laws forbidding the construction of a "motel" on the old Twin Lakes property.[3] *Id.*

On June 9, 2022, with Bailey's second Article 78 petition still pending in state court, Town officials called a sudden halt to plaintiffs' redevelopment project: Acting Code Enforcement Officer Allen issued to plaintiffs a letter revoking the Special Use Permit. Compl. ¶ 27; *see also* Ex. B to Compl. The revocation letter invited plaintiffs to submit a new application and restart the whole process from scratch. Compl. ¶ 28. Plaintiffs appealed this adverse determination to the Town's Zoning Board of Appeals. *Id.* ¶ 30.

The Town's sudden about-face appears to be the result of a shift in the local political climate. *See* Ex. C to Compl. (referencing certain events as "predat[ing] the current Town Board"). According to plaintiffs, Bailey and a

---

[3] The state court eventually denied the petition in its entirety on October 6, 2022. Compl. ¶ 24

cadre of other anti-development sympathizers have infiltrated the Town's administrative apparatus and taken steps to stall plaintiffs' redevelopment of the resort until it can be blocked with new legislation. *See* Compl. ¶¶ 32–46.

For instance, plaintiffs allege that the Town has created a new "zoning task force," led by Bailey, who sole purpose is to "suggest potential legislation to the Town Board." Compl. ¶¶ 32–46. Plaintiffs also allege that the Town Board hired a new attorney, who happens to be the same attorney who represented Bailey in her first Article 78 petition against the developers. *Id*.

As of December 6, 2022, plaintiffs' appeal to the Town's Zoning Board of Appeals remains pending. Compl. ¶ 31. The board has decided numerous other, unrelated appeals in that time. *Id*. ¶¶ 31, 33. Faced with increased costs and lost profits arising from the delay, plaintiffs filed this § 1983 action.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV. **DISCUSSION**

The parties seem to agree that plaintiffs' one-count complaint actually alleges distinct § 1983 claims for procedural and substantive due process against defendant Allen. The parties also seem to agree that plaintiffs have asserted a derivative § 1983 claim for municipal liability against the Town.

Defendants argue the complaint fails to plausibly allege either kind of due process claim because plaintiffs have not identified a protected property interest. Defs.' Mem., Dkt. No. 9-8 at 5–6.[4] In defendants' view, the Special Use Permit gave the Town discretion to conduct an annual review and to withdraw or revoke the permit if certain conditions were not satisfied. *Id.* at 6–8. According to defendants, Allen's letter revoking the Special Use Permit

---

[4] Pagination corresponds to CM/ECF.

appropriately concluded that plaintiffs had failed to obtain certain necessary approvals from the New York Department of Environmental Conservation ("DEC"). *Id.* at 8. Further, because plaintiffs' appeal of the permit revocation remains pending before the Zoning Board of Appeals, this § 1983 action is probably unripe. *Id.* at 9 & n.1. And because both of plaintiffs' due process claims against defendant Allen must be dismissed, so too must plaintiffs' derivative claim for municipal liability against the Town. *Id.*

Plaintiffs respond that they satisfy the "property interest" requirement of due process because the Special Use Permit was already issued to them. Pls.' Opp'n, Dkt. No. 11 at 8–13. In their view, this fact alone makes their case unlike so many other cases in which a plaintiff has sought to challenge the issuance of a permit or license in the first instance. *Id.* Plaintiffs further argue that the revocation of the Special Use Permit occurred in the kind of "abrupt, irrational and unfair" manner that states a substantive due process claim. *Id.* at 14. In their view, this abrupt change also serves to plausibly demonstrate the Town is the moving force behind the deprivation. *Id.* at 17.

The Due Process Clause protects procedural and substantive rights. *Page v. Cuomo*, 478 F. Supp. 3d 355, 370 (N.D.N.Y. 2020). Procedural due process requires that "a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). Substantive due

process protects against government action that is "arbitrary, conscience shocking, or oppressive in a constitutional sense," but not against official conduct that is merely "incorrect or ill-advised." *Page*, 478 F. Supp. 3d at 371 (citation omitted).

### A. <u>Ripeness</u>

As an initial matter, however, plaintiffs' § 1983 claims must be dismissed because they are unripe. "Ripeness is a doctrine rooted in both Article III's case or controversy requirement and prudential limitations on the exercise of judicial authority." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d. Cir. 2005).

Ripeness is "especially important in land use and zoning disputes which are quintessential local issues that . . . are properly left in the first instance to local bodies that are better equipped than federal courts to address and resolve such issues." *Quick Cash of Westchester Ave. LLC v. Vill. of Port Chester*, 2013 WL 135216, at *6 (S.D.N.Y. Jan. 10, 2013) (citation omitted).

"Before any land use dispute—whether brought as a takings, due process, or equal protection claim—is ripe for review, [the plaintiff] must satisfy the finality requirement of ripeness." *Quick Cash of Westchester Ave. LLC*, 2013 WL 135216, at *6. As relevant here, the test for finality is whether "'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at

issue." *Id.* (quoting *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985)).

Measured against this general body of law, it is clear that plaintiffs have not received a "final decision." To the contrary, plaintiffs' complaint alleges that their appeal from Acting Code Enforcement Officer Allen's revocation of their Special Use Permit remains pending before the Town's Zoning Board of Appeals, compl. ¶ 31, an adjudicative body which is empowered under the Town Code to reverse, modify, or affirm the Code Enforcement Officer's initial determination. Hurley TOWN CODE § 210-60(E) (vesting Board with "all the power of the Code Enforcement Officer").

Plaintiffs seek to avoid this obvious conclusion by alleging their zoning appeal is being delayed while other, unrelated appeals have been promptly adjudicated. *See* Compl. ¶¶ 31–36. "[A] plaintiff in a land use case may be excused from obtaining a final decision if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile," such as when an agency "has dug in its heels and made clear that all such applications will be denied." *Bloomingburg Jewish Educ. Ctr. v. Vill. of Bloomingburg, N.Y.*, 111 F. Supp. 3d 459, 479 (S.D.N.Y. 2015) (citation omitted).

But to invoke this futility exception, a plaintiff must demonstrate: (1) "the inevitability of refusal of their application, taking into consideration factors such as the defendants' hostility, delay and obstruction;" and (2) that they

have filed at least one meaningful application." *Bloomingburg Jewish Educ. Ctr.*, 111 F. Supp. 3d at 479 (citation omitted).

Plaintiffs have not done so.  Broadly construed, plaintiffs allege that certain individuals close to, or affiliated with, the Town's government have become hostile to the redevelopment plans they have pursued for the past several years.  Compl. ¶¶ 32–45.  But "[f]utility does not exist merely because public officials are hostile to the proposal at issue." *Bloomingburg Jewish Educ. Ctr.*, 111 F. Supp. 3d at 480.  To the contrary, plaintiffs acknowledge that at least some of the conditions on which the Special Use Permit was conditioned—including the need for DEC approvals—had not been satisfied as of the date on which the Special Use Permit was revoked.  Compl. ¶ 25.

Under those circumstances, it is hard to conclude that an ongoing appeal through ordinary government channels is sufficiently "futile" to trigger this exception to the finality requirement.  That is especially so where, as here, a relatively short time has passed, and "state-law remedies exist for applicants to compel municipalities to act." *Quick Cash of Westchester Ave. LLC*, 2013 WL 135216, at *7.  Accordingly, plaintiffs' claims must be dismissed without prejudice as unripe.[5]

---

[5] Under Second Circuit precedent, a landowner is not required to litigate a dispute "before a zoning board of appeals if it sits purely as a remedial body." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349 (2d Cir. 2005).  But as noted *supra*, the Town of Hurley's Zoning Board of Appeals is not a purely remedial body.  Hurley TOWN CODE § 210-60(E) (vesting Board with "all the power of the Code Enforcement Officer").

- 12 -

A. **Due Process**[6]

Even assuming plaintiffs' due process claims were ripe, they would still fail on the merits. "[T]he Due Process Clause does not function as a general overseer of arbitrariness in state and local land-use decisions; in our federal system, that is the province of the state courts." *Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995); *see also Puckett v. City of Glen Cove*, 631 F. Supp. 2d 226, 237 (E.D.N.Y. 2009) ("[F]ederal courts hearing civil rights cases do not sit as zoning boards of appeal over local zoning decisions.").

1. **Procedural Due Process**

"To assert a violation of procedural due process rights, a plaintiff must first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process." *Ferreira v. Town of E. Hampton*, 56 F. Supp. 3d 211, 225 (E.D.N.Y. 2014) (citation omitted). "Notice and an opportunity to be heard are the hallmarks of due process." *Id*. In the land-use context, courts in this Circuit have repeatedly held that the availability of an Article 78 proceeding in state court is a post-deprivation remedy that satisfies procedural due process.[7]

---

[6] Plaintiffs' municipal-liability claim against the Town is derivative of his § 1983 claim against defendant Allen. Without an underlying constitutional violation, there is no *Monell* liability.

[7] Technically, courts distinguish between "(a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Ahmed v. Town of Oyster Bay*, 7 F. Supp. 3d 245, 254 (E.D.N.Y. 2014). But plaintiffs have alleged that defendant Allen's conduct was improper or unauthorized.

Even assuming the prior issuance of the Special Use Permit qualified as a protected property interest, plaintiffs have not plausibly alleged a violation of their procedural due process rights. Among other things, plaintiffs have not alleged that an Article 78 proceeding in state court would be an inadequate way to remedy the improper revocation of their Special use Permit. *See, e.g.*, *Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 429 (E.D.N.Y. 2021) (collecting cases). Accordingly, plaintiffs' procedural due process claim would be subject to dismissal on the merits.

### 2. **Substantive Due Process**

Plaintiffs' substantive due process claim fares no better. "[S]ubstantive due process rights are violated only by conduct 'so outrageously arbitrary as to constitute a gross abuse of governmental authority.'" *Puckett*, 631 F. Supp. 2d at 237 (quoting *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999)). Plaintiffs allege that Acting Code Enforcement Officer Allen's letter revoking their Special Use Permit meets this standard. But even assuming that his determination was wrongful or perhaps without a legal basis under the zoning law, "[t]he mere violation of state zoning laws is not sufficient to demonstrate conduct so outrageous as to violate the substantive component of the due process clause." *Puckett*, 631 F. Supp. 2d at 237. Accordingly, plaintiffs' substantive due process claim would be subject to dismissal on the merits as well.

## V. **CONCLUSION**

The threshold conclusion about ripeness is enough to warrant dismissal of this civil rights action for now. In reaching a secondary determination about the apparent merits of plaintiffs' due process claims, it was assumed (without deciding) that plaintiffs actually possessed a valid, cognizable property interest in the Special Use Permit under state law.

The parties sharply dispute that question in their papers. On that point, plaintiffs are correct to argue that they already received the permit from the municipality, which makes this fact pattern somewhat distinguishable from those cases in which other plaintiffs have alleged that a permit or license was wrongfully denied in the first instance. But defendants are also correct to note that the permit was issued subject to a set of listed conditions, including the need to obtain certain DEC approvals and an "annual renewal" that involved an inspection by the Town's Code Enforcement Officer.

Notably, in his letter revoking plaintiffs' Special Use Permit, Acting Code Enforcement Officer Allen relied on § 210-40(B)(4) of the Town's Code, which revokes—as a matter of law—any special use permit that is not "exercised" within one year of its issuance. Defendant Allen's letter concluded that plaintiffs' failure to secure certain necessary DEC approvals within this one-year period amounted to a failure to "exercise" the Special Use Permit under this provision of the Town Code.

That conclusion might be incorrect as a matter of state law. But the question of whether plaintiffs' failure to secure the DEC approvals identified in the Special Use Permit within this one-year period qualified as a failure to "exercise" the permit seems to present the kind of state-law zoning question that federal courts are supposed to resist the urge to constitutionalize.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss is GRANTED; and

2. Plaintiffs' complaint is DISMISSED without prejudice.[8]

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: June 9, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge

---

[8] The time to amend as of right has expired. FED. R. CIV. P. 15(a)(1)(B). Instead, plaintiffs requested "leave to replead" if "the Court determines that any of the allegations of the Complaint are insufficient to support any element of any claim." Pls.' Opp'n at 19. But plaintiffs have not indicated what, if anything, could be alleged to save their claims. *Id*. Nor have they followed the Local Rules governing amendment, which require a party seeking to amend to submit a proposed pleading that shows what additional allegations might be included to get over the plausibility threshold. N.D.N.Y. L.R. 15.1(a). Because ripeness is jurisdictional, plaintiffs' complaint must be dismissed without prejudice. Accordingly, plaintiffs' request is denied as moot.